# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**RAYMOND R.,**

       **Plaintiff,**

    **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

**Case No. 1:21-cv-539**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## ORDER

This cause comes before the Court on the Magistrate Judge's May 19, 2022, Report and Recommendation ("R&R") (Doc. 12), which recommends that this Court **OVERRULE** Plaintiff Raymond R.'s Statement of Specific Errors (Doc. 6), **AFFIRM** the Commissioner of Social Security's (the "Commissioner") non-disability finding, and **CLOSE** this case. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 12).

To start, the R&R advised the parties that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 12, #1243); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Accordingly, the parties here needed to object by June 2, 2022. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden, S. Ohio Corr. Facility*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). This case arose when the Social Security Administration (the "SSA") denied Plaintiff certain Social Security benefits. Plaintiff first applied for disability insurance benefits on June 1, 2020. (R&R, Doc. 12, #1229). On May 26, 2021, an Administrative Law Judge (the "ALJ") of the SSA issued a decision finding that Plaintiff was not disabled. (*Id.* at #1230). On August 5, 2021, the agency's Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id.*).

A district court reviews an ALJ's conclusion that an applicant for benefits is not disabled under a deferential standard that asks only whether "substantial evidence" supported that conclusion; the court does not inquire whether the ALJ

2

justifiably instead could have reached a different conclusion. *See, e.g.*, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) ("The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.") (citations omitted).

In his Statement of Specific Errors (Doc. 6), Plaintiff argued that the ALJ erred in two ways: (1) the ALJ failed to consider the Veterans Administration's (the "VA") finding that Plaintiff is disabled (*see id.* at #1201–02); and (2) the ALJ failed to follow the vocational expert's testimony that a hypothetical applicant who would need to be off-task more than 15% of the time and would need to miss more than three days of work per month would be disabled (*see id.* at #1203–06). The Magistrate Judge recommended rejecting both arguments. (R&R, Doc. 12, #1242). First, the Magistrate Judge noted that the Social Security regulations in effect at the time Plaintiff filed his application for benefits expressly disclaimed any requirement that an ALJ of the SSA consider another government agency's (such as the VA's) determination that an individual is disabled. (*See id.* at #1234–35 (citing 20 C.F.R. § 404.1504)). Second, the Magistrate Judge determined that Plaintiff failed to point to any specific medical evidence in the record that he would need to be off-task more than 15% of the time or miss more than three days per month, making the hypothetical question to the vocational expert that included those limitations inapposite. (*See id.* at #1235–42). The Court finds no error, much less clear error, in these determinations.

The Court therefore **ADOPTS** the R&R (Doc. 12), **OVERRULES** Plaintiff's Statement of Specific Errors (Doc. 6), **AFFIRMS** the Commissioner's finding of non-disability, and **DISMISSES** Plaintiff's Complaint (Doc. 1) **WITH PREJUDICE.** The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

     **SO ORDERED.**

July 27, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**